———o———

## Abdil *v.* Abdil and Others.

JUDGMENT.— *Collateral Proceeding.*—*Jurisdiction.*—Where a judgment is rendered by a court of superior jurisdiction, having jurisdiction of the subject-matter, and having acquired jurisdiction of the parties, which, in the absence of a contrary showing, it will, in a collateral proceeding, be presumed to have done, such judgment, though rendered for the plaintiff upon an insufficient complaint, is binding upon a party thereto and conclusive of his rights therein adjudicated, until reversed or otherwise set aside as to him.

SAME.— *Withdrawal of Appearance.*—*Recovery of Real Estate.*—A judgment of the circuit court against a defendant in an action commenced before a justice of the peace on a complaint to recover possession of land for non-payment of rent, rendered after said defendant, having filed an answer denying the relation of landlord and tenant and claiming title to an estate for life in the premises in himself, withdrew his appearance, cannot bar a subsequent action by said judgment-defendant as owner of said life estate to recover possession of the land from the judgment-plaintiff in said former action.

APPEAL from the Fountain Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellees to recover possession of certain real estate, claiming a life estate therein. Issue was joined and a trial had, resulting in a verdict and judgment for the defendants.

Demurrers were respectively overruled to the second and third paragraphs of the answer, and these rulings only, are assigned for error.

The second paragraph of the answer sets up, in bar of the action, the proceedings and judgment of the Fountain Circuit Court, in an action between the same parties, in relation to the same property, in which it was adjudged by the court, in substance, that Hiram Abdil, the appellant, had no interest, legal or equitable, in the property, but that the same of right belonged to Irad Abdil, one of the appellees, setting aside certain conveyances therein specified, and appointing a commissioner to make a conveyance to said Irad, which was accordingly done, and the commissioner's deed approved by the court. The record thus pleaded is the same as was brought before this court on appeal in the case of *Abdil* v. *Abdil,* 26 Ind. 287, where the judgment below was reversed as to Emily E. Abdil, but not as to Hiram, who did not appeal. The judgment thus pleaded stands, as to Hiram, as if no appeal had been taken.

We do not perceive any valid reason why the judgment thus pleaded is not a bar to the action. The court had jurisdiction over the subject matter, and will be presumed, in the absence of a showing to the contrary, to have acquired jurisdiction over the parties defendants, although it does not affirmatively appear that process was served or notice published. This legal presumption is strengthened in this case by the following passage in the judgment of the court: "By agreement of the parties on file in this cause, the said Hiram is to retain the possession of said property for six months from the date hereof, the said Hiram making all such necessary repairs as will insure the property from injury or decay."

It was said by this court, when the appeal of Emily E. Abdil was being considered, that "we find nothing in the complaint justifying the decree of the court vesting the title of the real estate in the plaintiff, and appointing a commissioner to make a deed." The complaint in the cause was

long and somewhat complicated, and sought the relief
which was obtained; and we are not prepared to say that it
did not state facts sufficient to authorize the judgment
which was rendered; but if it did not, the judgment was
not therefore void, but simply erroneous, and cannot be
successfully attacked when collaterally brought in question,
as in this case. The judgment thus pronounced by a court
having jurisdiction of the parties and the subject-matter,
though it may be erroneous, is binding upon the parties
thereto and conclusive of their rights, until reversed or oth-
erwise set aside.

If the plaintiff herein acquired any new right to the
property since the judgment, he should have set it up by
way of reply.

The third paragraph also set up a former judgment of the
Warren Circuit Court, for the recovery of the property in
question by the said Irad and his wife, against the said
Hiram, in an action between them. The record pleaded
in this paragraph shows that Irad and his wife commenced
an action against Hiram, before a justice of the peace,
claiming that said Irad rented the property in question to
the said Hiram, and that Hiram failed to pay the stipulated
rent after due notice, and praying for a recovery of the
possession of the property. Process was duly served in this
action, and Hiram appeared thereto, and answered, first,
by general denial, and second, admitting his possession of
the property, and denying that the plaintiff therein had any
right, title, or interest in it, or any right whatever to the pos-
session thereof, and claiming that he himself was entitled to
a life estate therein, and that his daughter, Emily E. Abdil,
was the owner of the fee, setting out the source of their titles,
and denying that he had ever rented the property from said
Irad, or in any manner acknowledged his right thereto. He
alleged, also, that the title to the property would arise on
the trial of the cause, and therefore that the justice would
have no jurisdiction, and asked that the cause be certified
to the Fountain Circuit Court, which, the answer being

sworn to, was done by the justice. Emily E. Abdil was made a party defendant, and set up her defense, the same in substance as that set up by her father. On the application of Hiram, the venue was changed from the Fountain to the Warren Circuit Court. Replications were filed in denial of the special matter thus set up by said Hiram and his daughter. Trial by the court, and finding for the plaintiff. New trial granted under the statute, on motion of defendants. Afterwards, on the calling of the cause for trial, the said Hiram withdrew his appearance, was called and defaulted, and the issued thus joined was submitted to a jury for trial, who returned a verdict for the plaintiff; and the court thereupon adjudged that the plaintiffs therein (the said Irad and his wife) were the owners of, and entitled to the possession of, the property. Afterwards a new trial was granted as to said Emily E., and the cause dismissed as to her, but the judgment remained undisturbed as to said Hiram.

This statement of the record pleaded shows that it can be no bar to the action under consideration. The complaint, we have seen, was simply to recover possession of the property, by a landlord against his tenant, because of failure to pay rent. If the relation of landlord and tenant existed between the parties as alleged, the tenant could not dispute his landlord's title, while that relation existed. But the defendant in that suit did file an answer denying that that relationship ever existed, and setting up title to an estate for life in the premises in himself, and on this answer issue was joined, and the cause once tried, but a new trial was granted. Had the cause been finally tried upon this issue, and a verdict found for the defendant, followed by judgment, we are by no means prepared to say that the judgment would not have been a bar to the action under consideration. But while the cause was pending for trial, the defendant therein, the said Hiram, by leave of the court, on motion, withdrew his appearance to the action. We think that the withdrawal of his appearance took with it his pleadings, and left the case to stand as if no pleadings

had been filed by him. The record set out is not inconsistent with this view; for it recites that the issue (in the singular) being joined, the cause was submitted, &c.; that is, the issue remaining in the cause formed on the pleadings of the other defendant. The case as against Hiram was a simple judgment by default, on a complaint that did not involve any question of title, and cannot, therefore, be a bar to this action. We think the court below erred in overruling the demurrer to this paragraph of the answer.

A reply in denial of these paragraphs was filed, and the cause tried, but the evidence in the cause is not before us.

It is claimed by counsel for the appellee, that, although error was committed in the ruling upon either of the demurrers, still it was a harmless error, for which the judgment ought not to be reversed, because the subject matter of either or both paragraphs of the answer could have been given in evidence under the general denial which was filed.

In an action to recover real estate, all matters of defense can be given in evidence under the general denial; and in such case, if good special answers are held bad, the error may be harmless, because the defendant can offer the matter pleaded, under the general denial, and avail himself of any question of law arising thereon by instructions, or otherwise. But where bad special answers are held good, it is not perceived that the plaintiff is in any way benefitted by the general denial being in. He has no mode of availing himself of the objections to the answer but by demurrer, and that being overruled, if the answer is true in point of fact, his case is at an end.

If the evidence were in the record, and it appeared that the proof sustained the second paragraph of the answer or other defense, and did not apply to the third paragraph, we might be enabled to say that the plaintiff was not injured by the overruling of the demurrer to the third paragraph.

But as the case stands before us, we cannot say that the verdict was not found upon the third paragraph, and therefore we cannot say that the error was harmless. The judg-

ment below will have to be reversed on account of the error in overruling the demurrer to the third paragraph of the answer.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to proceed in the cause in accordance with this opinion.

*J. McCabe*, for appellant.

*T. F. Davidson*, for appellees.