## AYERS v. HARSHMAN ET AL.

PROMISSORY NOTES SECURED BY MORTGAGE.—*Action by Assignee of Payee.* —*Defence by Assignee of Equitable Owner.*—*Attacking Judgment Collaterally.*—*Divorce.*—*Husband and Wife.*—*Jurisdiction of Common Pleas Court.*— *Process Presumed.*—*Notice.*—In an action by an assignee, against the maker, a purchaser of the equity of redemption, and a junior mortgagee, to collect several non-commercial promissory notes, and to foreclose a mortgage on real estate, executed by the maker to secure payment of the notes, all the defendants answered jointly, and the latter two filed a counter-claim, alleging that the husband of the payee, being the owner of the lands, was persuaded by the payee and her paramour to convey the same to her, without consideration ; that the payee and her husband conveyed the lands to the mortgagor, who executed to the payee the notes and mortgage in controversy, for the purchase-money ; that the payee and her paramour then eloped, taking with them the notes and mortgage ; that the husband thereupon, on due notice to the wife and the mortgagor, sued for and obtained, in the common pleas court, a decree of divorce, a judgment that the notes and mortgage were in equity his, and an injunction commanding her, and all claiming under her, to surrender the notes and mortgage to the husband, and forbidding the mortgagor from paying the same to her or her assigns ; that afterward the mortgagor and the purchaser of the equity of redemption had purchased of the husband the notes and mortgage in question, taking an assignment of the said decree as evidence of their ownership ; and that the plaintiff had purchased the notes

66  291
134  427

subsequently, in bad faith, for an inadequate consideration, and with notice of the husband's rights and decree.

*Held*, on demurrer, that, regardless of whether or not the complaint for divorce was sufficient, the answer and counter-claim were sufficient.

*Held*, also, that the common pleas court had jurisdiction to render such decree, and that, as nothing to the contrary appears, notice to the defendants therein is presumed.

*Held*, also, that such decree could not be attacked collaterally.

From the Clinton Circuit Court.

*J. Claybaugh, R. P. Davidson, J. C. Davidson, J. C. Suit* and——*Higinbotham*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellees.

BIDDLE, J.—Complaint, by the appellant, against Enos Harshman, Amos Heavilon and Leonidas Mitchell, founded upon eight several promissory notes, alleged to have been executed by Harshman to Rebecca Bailey, wife of Bazzel Bailey, and assigned by endorsement, by both Bazzel and Rebecca, to the appellant; and to foreclose a mortgage by which the notes are secured.

It is averred, that Heavilon is a junior mortgagee, and that Mitchell subsequently purchased the land mortgaged.

1. Joint answer, by all the defendants, of general denial;

2. Separate answer by Harshman of payment;

3. Separate answer by Heavilon, admitting the facts as averred in the complaint;

4. Joint answer of all the defendants, in substance as follows:

That, in the year 1872, Bazzel Bailey commenced suit by complaint in the court of common pleas of Clinton county, Indiana, against Rebecca Bailey, his wife, and Enos Harshman, alleging his marriage to Rebecca, and that afterward he became the owner of valuable lands; that Rebecca and Henry DeLuse, her paramour, falsely and fraudulently persuaded Bazzel to convey said lands to

Rebecca, through Samuel O. Bayless, their trustee, which was done without consideration; that afterward Bazzel and Rebecca sold and conveyed the said lands to Harshman, who executed the notes and mortgage sued on to Rebecca; that no part of the purchase-money was paid; that afterward Rebecca eloped with DeLuse, her paramour, taking with her the said notes and mortgage and sixteen hundred dollars in money; that the prayer of Bazzel was,—

1. For a divorce from Rebecca;

2. That he be declared the owner of the notes and mortgage;

3. That Rebecca be required to surrender them to Bazzel;

4. That Harshman be enjoined from paying the notes to Rebecca or any person holding them under her; that the complaint and other papers in said case have been lost, and, upon diligent search, can not be found; that said Rebecca and Harshman were duly notified of said suit, but made default therein; that, upon hearing, the court found the facts to be true as averred in the complaint, and decreed,—

1. The divorce as prayed;

2. That Bazzel was the rightful owner of the notes and mortgage;

3. That Rebecca and all persons holding under her be required to surrender the notes to Bazzel; that Harshman be enjoined from paying said notes to Rebecca or any person claiming under her; that Harshman pay the said notes as they become due, to Bazzel.

And further averred, that the plaintiff is not the *bona fide* holder of said notes and mortgage; that he purchased them for an inadequate consideration and with a full knowledge of the rights of Bazzel Bailey and his assigns, and with full knowledge of the

existence of said judgment and decree; that afterward Harshman and Mitchell purchased from Bazzel, for a valuable consideration, the notes and mortgage sued on; and that, as Bazzel had not the notes and mortgage in possession—they being still in the possession of Rebecca—to evidence the transfer of said notes and mortgage to Harshman and Mitchell, Bazzel assigned the said decree vesting the notes and mortgage in him, to the said Harshman and Mitchell, upon the record thereof, in writing, properly attested by the clerk of the court of common pleas, all of which is formally averred, with dates and venue. By means, etc. Wherefore, etc.

5. Harshman and Mitchell filed what they call a cross complaint, but which is a counter-claim, setting out the notes and mortgage, the decree of the court of common pleas, and averring the same facts as those set up in the fourth paragraph of answer, praying affirmative relief,— that the plaintiff be required to surrender the notes and mortgage, and that they be cancelled.

Separate demurrers, alleging the want of facts as ground, were overruled to the fourth paragraph of answer and the counter-claim, and exceptions reserved. Reply in denial to the answer, and answer in denial to the counter-claim, and a second paragraph of answer to the counter-claim, that Rebecca had no notice of the suit pending in the court of common pleas upon which the decree set up was rendered. Reply to second paragraph of answer to the counter-claim, that Rebecca had notice of said suit. Bazzel separately, as to the counter-claim, filed a disclaimer.

Upon these issues a trial by a jury was had, and a general verdict returned in favor of the defendants. In answer to special interrogatories the jury also found: 1, the amount due upon the matured notes; 2, the several amounts to become due on the notes not due, and the dates; and 3, the reasonable amount of an attorney's fee.

Ayers *v.* Harshman *et al.*

The appellant moved for a judgment in his favor, on the facts in the special finding. His motion was overruled and he excepted. He then moved for judgment in his favor, on the facts in the special finding, and on the pleadings. His motion was overruled, and he excepted. Motion for a new trial; causes filed; motion overruled; exception; judgment for appellee on the verdict; appeal.

The appellant makes three points against the sufficiency of the fourth paragraph of answer, and three points against the counter-claim, on demurrer, which, as the two pleadings are essentially the same, may be considered together.

1. That the court of common pleas had no jurisdiction over the subject-matter.

We are of a different opinion. At the time the proceedings were commenced and the decree rendered, the court of common pleas had jurisdiction to grant divorces, and grant all relief incident thereto. *McFarland* v. *McFarland*, 40 Ind. 458.

2. That no ground for divorce is alleged in the complaint.

We think there is; but, if there were not, the proceedings and decree would not be void, and, unless void, can not be impeached collaterally. *Evans* v. *Ashby*, 22 Ind. 15; *Abdil* v. *Abdil*, 33 Ind. 460; *Gavin* v. *Graydon*, 41 Ind. 559.

3. That the court had no jurisdiction over the parties to the suit.

The fourth paragraph of the answer and the counter-claim both aver notice to the defendants, and that the court found that they had been properly notified, and that the court had jurisdiction over the parties; but the court of common pleas being a domestic court of superior though not of general jurisdiction, and it having been shown that it had jurisdiction over the subject-matter in

the given case, notice to the parties to the suit would be presumed, where the record does not show the contrary Abdil v. Abdil, supra.

We conclude therefore, that the fourth paragraph of answer, and the counter-claim, were each sufficient; and perhaps they would have sufficient, even though we held the decree set up to be void, because each of them shows, by other averments, that Harshman and Mitchell bought the notes and mortgage in controversy of Bazzel Bailey, before Bazzel and his wife had assigned them to the appellant. Now, as both parties claim the notes and mortgage from Bazzel and his wife, and as the averments show, independently of the record and decree, that the wife had no legal right to them, that they were the property of Bazzel solely, that the defendants purchased them from Bazzel before he sold them to the plaintiff, and that the plaintiff bought them for an inadequate consideration, in bad faith, with full notice of their sale and transfer to the defendants, we can not see why the facts averred do not constitute a good defence to the action; indeed, it seems to us, as the notes are not commercial paper, if the plaintiff bought them in good faith, for a valuable consideration, without notice, after they had been sold and transferred to the defendants in good faith, for a valuable consideration, that still he could not recover. We are well satisfied that the court did not err in overruling the separate demurrers to the fourth paragraph of answer and to the counter-claim.

It seems to us that this view settles the case; for, if we are right, it is clear that the court did not err in giving the instructions to the jury which were excepted to by the appellants, and did not err in refusing the instructions asked by the appellant; indeed, the instructions are not discussed by the appellant in the brief of his counsel, and it is plain to us that the evidence sustains the verdict. It is also

plain that the appellant was not entitled ' to judgment in his favor on the facts stated in the special finding. They simply find the amount due, and to become due, on the notes, and the amount of the attorney's fees, but do not find that any amount was due to appellant, nor that the notes were the property of the appellant. These facts are not inconsistent with the general verdict.

The judgment is affirmed, at the costs of the appellant.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.

