## Clay County v. Roach, Sheriff.

(Decided March 6, 1917.)

### Appeal from Clay Circuit Court.

District and Prosecuting Attorneys—County Attorneys—May Prosecute Appeal Without Bond.—As it is made the duty of the county attorney by section 126 of the Kentucky Statutes to oppose the allowance of all claims not legally presented or unjust, he may prosecute an appeal from an order of the fiscal court allowing a claim to the circuit court in the name of the county without executing an appeal bond.

D. Y. COLSON for appellant.

RAWLINGS & WRIGHT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Roach, as sheriff of Clay county, was allowed by the fiscal court of the county a claim amounting to $298 for executing 596 notices sent to taxpayers by the board of supervisors of the county. D. Y. Colson, as county attorney, objected to this allowance by the fiscal court, and in the name of Clay county, appealed from its action to the circuit court. The circuit court dismissed the appeal upon the ground that no appeal bond had been executed, and from that order this appeal was prosecuted.

Therefore, the only question before us is, was it necessary to perfect the appeal from the fiscal court that

the county attorney should have executed an appeal bond such as is required in ordinary cases when an appeal is prosecuted from the orders and judgments of the fiscal court?

Provision is made in section 978 of the Kentucky Statutes for appeals from the fiscal court to the circuit court. But this statute does not mention appeal bonds or describe the practice or procedure in prosecuting an appeal. However, in Jefferson County v. Young, 120 Ky. 456, the court, noting the failure of both the statutes and the code to mention the manner in which appeals might be prosecuted from the fiscal court to the circuit court, held by construction that they should be prosecuted in the manner provided in sections 724-731 of the code. These sections of the code being applicable, and section 724 requiring the execution of an appeal bond by the person appealing, it is obvious that unless there is some statutory or other sound reason for exempting the county attorney from the duty of executing an appeal bond, he should be required to do so, or else the appeal prosecuted by him be dismissed.

After a careful examination of the statutes we find that section 4146 is the only one that expressly authorizes the county attorney to prosecute an appeal without being required to give an appeal bond. This section relates to settlements made by the sheriff and provides that when exceptions are filed to the settlement by either the sheriff or the county attorney, they shall be heard and determined by the county court, from which court an appeal may be prosecuted by either party to the circuit court, except that the county attorney shall not be required to give an appeal bond. And it is insisted that this section is broad enough to authorize the county attorney to prosecute an appeal without the execution of a bond from an order of the fiscal court allowing a claim to the sheriff.

But this section does not provide for appeals from the fiscal court but from the county court, which court must try and determine the exceptions, and we doubt if it furnishes authority for the prosecution of an appeal by the county attorney without an appeal bond from an order or judgment of the fiscal court. We find, however, in section 126 of the statutes, in which the duties of county attorneys are defined, that "Each county attorney shall attend all county and fiscal courts held in

his county, and conduct all cases and business in said court touching the rights or interests of the county, and oppose the allowance of all claims not legally presented or unjust . . . . ;" and also in section 127, that "He shall attend to the prosecution of all cases in his county in which the Commonwealth or the county is interested; and, when so directed by the county or fiscal court, institute or defend, and conduct actions, motions and proceedings of every description before any of the courts of this Commonwealth in which the county is interested."

It will be observed that section 127 by its terms authorizes the county attorney to appear for the county only in the circuit court or the Court of Appeals, or other courts held out of his county when he is directed by the county or fiscal court to do so. But, notwithstanding this apparent limitation on the authority of the county attorney, it was held in Hopkins County v. Givens, 29 Ky. L. R. 993, that the county attorney might, for the purpose of protecting the interests of the people of the county, prosecute an appeal from an order or judgment of the fiscal court to the circuit court, although not directed to do so by either the fiscal or county court.

It being then his duty under section 126 to oppose the allowance of all unjust claims against the county and his further duty in protecting the interests of the people of the county to prosecute an appeal from the fiscal court to the circuit court whenever in his judgment the prosecution of an appeal was necessary to save the county from some unauthorized or unlawful expenditure of money by the fiscal court, we think he should be allowed to prosecute such an appeal in the name of the county without being required to execute an appeal bond. The county attorney prosecutes the appeal in the name of the county and in his official capacity, and his right to do so should not be burdened or interfered with by requiring him to execute a bond which in his official capacity he would have no authority to execute and which, if executed in his personal capacity, might subject him to costs that he ought not to be required to assume. To require the county attorney to execute an appeal bond would prevent him from performing a duty imposed by the statute and this ought not to be.

We are, therefore, of the opinion that the county attorney may prosecute an appeal without the execution of an appeal bond from an order or judgment of the fiscal court whenever in his discretion the prosecution of an appeal is necessary to protect the interests of the county. If this were not so, it might often happen that unauthorized and illegal expenditures would be made by the fiscal court over the objection of the county attorney, which the circuit court would be denied the privilege of reviewing.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.