## McCreary County v. Mayer, et al.

(Decided December 11, 1917.)

### Appeal from McCreary Circuit Court.

1. **Counties—Appeals from Fiscal Court—Right of County Attorney to Prosecute Appeal.**—The statute authorizes appeals to the circuit court from all orders and judgments of the fiscal court, and the county attorney may prosecute appeals in the name of the county without an appeal bond or an order from either the county or fiscal court directing him to do so.

2. **Counties—Appeals from Fiscal Court—When Pleading Necessary.**—Where on appeal to the circuit court from an order of the fiscal court, the order is not invalid on its face, the county should manifest its right to relief on appeal by pleadings showing wherein the order is invalid either in whole or in part.

3. **Counties—Appeals from Fiscal Court—Petition on Appeal—Sufficiency.**—Where the validity of an order of the fiscal court providing for a bond issue is attacked on appeal to the circuit court, a petition alleging mere conclusions of law and no facts showing its invalidity, is insufficient.

4. **Appeal and Error—Appeals from Fiscal Court—Judgment Dismissing Appeal Instead of Affirming Order—Effect.**—Though from a technical standpoint the circuit court on appeal from an order of the fiscal court, should have affirmed the order instead of dismissing the appeal, the judgment of dismissal will not be reversed by the Court of Appeals since the result is practically the same.

G. W. STEPHENS for appellant.

L. G. CAMPBELL, J. W. SAMPSON and J. W. RAWLINGS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the month of October, 1916, the fiscal court of McCreary county, entered certain orders providing for the issue and sale of funding bonds to take up an outstanding indebtedness of $13,250.00, incurred for the

construction and repair of turnpikes, bridges and public buildings of the county and evidenced by warrants in the hands of various persons. At the same time an order was entered levying a tax for the purpose of meeting the interest on the bonds and discharging the principal thereof at maturity. The county judge, J. E. Williams, was authorized to sell the bonds at private sale and to report his action to the court. Under this authority he sold the bonds at par to J. C. Mayer & Company, of Cincinnati, and the sale was approved by the fiscal court.

From the foregoing orders, the county of McCreary, through its attorney, prosecuted an appeal to the circuit court. In addition to filing a certified copy of the orders, the county filed a petition and an amended petition, making J. C. Mayer & Company, the county judge, and the members of the fiscal court, parties. A demurrer was sustained to the petition and amended petition and the appeal dismissed. From that order the county appeals.

The statute authorizes appeals to the circuit court from all orders and judgments of the fiscal court, and it is well settled that a county attorney may prosecute appeals in the name of the county without an appeal bond or an order from either the county or fiscal court directing him to do so. Hopkins County v. Givens, 29 Ky. Law Rep. 993, 96 S. W. 819; Clay County v. Roach, 174 Ky. 436, 192 S. W. 489. However, where the order appealed from is not invalid on its face, the county should manifest its right to relief on the appeal by a pleading showing wherein the order is invalid either in whole or in part. Here the county sought to do this by filing a petition and amended petition. The original petition merely alleged that the order was illegal, without warrant of law, and unjust to the citizens of the county. In the amended petition, it was alleged in substance that the order was passed at the request of the county judge, who dominated and controlled the policies of the fiscal court, and at a meeting at which the county attorney and others were excluded; that the strictest privacy attended the passage of the order, which was not made known to the county attorney or the public until it was called up in the fiscal court, and that the conduct of said members was a fraud practiced upon the people of the county. It was further alleged that the indebtedness mentioned in the order was not an

honest outstanding indebtedness of the county, but an indebtedness incurred by using the road money for the year 1916 in advance, and that the bonds were issued in order to have a larger sum of money to apply on the roads the next year; that this was a scheme of the fiscal court to obtain for the next year's road work a sum of money far in excess of the money available for said purposes, and that the fiscal court had no right to increase the indebtedness of the county from year to year in such manner. It was also alleged that the money included in the order was a charge by the fiscal court in the year 1915 for road machinery bought and used in said year and charged to the fiscal year 1916, and that said amounts so contracted during the fiscal year 1915, and charged to future years, was not only illegal and contrary to the statute in such cases made and provided, but also to equity and fair dealing; that the allegations recited in the order were false and fraudulent and were known to the said judge and fiscal court to be false and fraudulent at the time, or by the use of ordinary care could have been known to be false and fraudulent, and that said order was in violation of section 157 of the constitution. We have frequently written that one attacking the validity of an indebtedness must allege and prove its invalidity. Carter, et al. v. Krueger & Son, et al., 175 Ky. 399, 194 S. W. 553. Merely characterizing the order creating an indebtedness or providing for a bond issue as false in its statements, or as being illegal or void, or contrary to a particular section of the statute, or to a certain provision of the constitution, is not the proper method of pleading its invalidity. Such allegations are mere conclusions of law. The pleader should state facts from which it follows that the indebtedness is illegal, City of Louisville v. Gosnell, et al., 61 S. W. 476, and thus afford the opposing party an opportunity to deny and disprove the facts relied on. Measured by this standard, it is manifest that neither the petition nor amended petition is sufficient. It follows that the demurrer thereto was properly sustained.

While from a technical standpoint, the circuit court should have affirmed the order appealed from instead of dismissing the appeal, yet as the judgment of dismissal left the orders in full force and effect and the result was therefore practically the same, the judgment of dismissal will not be reversed.

Judgment affirmed.