## Bailey et al. v. Jones et al.

(Decided February 15, 1929.)

M. C. BEGLEY for appellants.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS —Reversing.

E. Y. Begley, deceased, was married three times, and at his death was survived by his third wife and by one or more children of each marriage. In a suit brought by the children of the second marriage, for sale and division of the real estate left by E. Y. Begley, it was alleged in the petition that their mother, Emeriah Begley, was adjudged to be insane, and confined in the asylum for the insane in the city of Lexington; and that, while she was so confined and non compos mentis, their father instituted a suit against her for divorce, the prayer of which was granted by judgment of the court. Subsequently, but during the lifetime of their mother, Emeriah Begley, to wit, in October, 1908, E. Y. Begley married Elizabeth Bailey. One child, Roy Begley, was born of that union, and was living at the time of the institution of this suit. No remarriage took place between these parties after the death of Emeriah Begley. For the reasons stated, the judgment in the divorce proceedings was void, and for

the same reason the marriage between their father and Elizabeth Bailey was also void, and Roy Begley, the offspring of that union, illegitimate. Therefore Elizabeth Begley has no dowable interest in the estate left by E. Y. Begley, and Roy Begley has no inheritable interest therein. Elizabeth and Roy Begley demurred to the petition, and the demurrer was overruled. They then moved to strike out all allegations, charging a bigamous marriage and Roy's illegitimacy. This motion was also overruled. Thereupon they elected to stand upon the motion and demurrer, and it was adjudged that neither of them took any part of the land described in the petition or could share in any division thereof. From this judgment they appeal.

In the case of Newcomb v. Newcomb, 13 Bush, 544, 26 Am. Rep. 222, it was held that a husband who places his wife in a private sanatorium for the insane in a distant state, and proceeds against her as a nonresident, does not present a case within the jurisdiction of the court, and that a judgment for divorce in his favor is void, and may be collaterally attacked. However in that case it was held that the children of a subsequent marriage would be legitimatized by the statute. Under the rule there laid down, Roy Begley would be entitled to share in the estate in any event. But the rights of the parties may be placed on another and stronger ground. The judgment of divorce in the case of E. Y. Begley v. Emeriah Begley was rendered in a court of general jurisdiction. No part of the record in that case is incorporated in this case. It is not alleged that Emeriah Begley was not properly before the court in that action; nor is the ground of divorce, upon which the judgment was based, alleged in the petition. It is well settled that, in a collateral attack upon a judgment of a court of general jurisdiction, the invalidity relied on must appear on the face of the record. Potter v. Webb, 186 Ky. 25, 216 S. W. 66; Leonard v. Williams, 205 Ky. 218, 265 S. W. 618. It follows that in the condition of this record it will be presumed that Emeriah Begley was properly before the court in the divorce proceedings, and that the judgment was based on a legal ground of divorce existing before she became insane.

In this view of the case Elizabeth Begley was entitled to dower interest in her husband's estate, and Roy inherited from him as one of his heirs at law; and the court

erred in ruling otherwise on the demurrer and motion to strike, as well as in the final judgment.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.