## Begley v. Jones et al.

(Decided March 27, 1931.)

M. C. BEGLEY for appellant.

J. M. MUNCY and J. M. BICKNELL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case, the opinion in the former one being reported in 228 Ky. 42, 14 S. W. (2d) 152. The style of it there is Bailey et al. v. Jones et al., and which was due to the fact that following the filing of the mandate after our reversal of the judgment the style of the case below was altered by some of the parties, who were defendants up to that time, withdrawing as such, and upon their motion becoming plaintiffs; and from the further fact that Elizabeth Begley before

her marriage to her deceased husband, E. Y. Begley, was Elizabeth Bailey, and she is referred to in this action sometimes as ''Elizabeth Bailey'' and sometimes as ''Elizabeth Begley.'' The nature and purpose of the action is stated in that opinion, and it will be unnecessary to incorporate that information in this one. We held in our first opinion that plaintiffs (who were the heirs at law of E. Y. Begley and who seek a division of his estate and to exclude Elizabeth Begley from her distributive share therein as his widow upon the ground that her marriage with him was bigamous) failed to allege in their petition the necessary facts to show that the judgment of divorce obtained by E. Y. Begley against his former wife, Emeriah Begley, was void so as to make his marriage to appellant bigamous, as they contended was true, and for which reason the court should have sustained the demurrer filed thereto. The judgment appealed from having held to the contrary, followed by a denial of appellant's right, as well as that of her and E. W. Begley's son, to participate in the distribution of his estate was reversed.

Upon a return of the case some of the original defendants, who were heirs of E. Y. Begley, withdrew as such and upon their motion they were made plaintiffs, and, following that, the then combined plaintiffs filed an amended petition in which they averred, in substance: That Emeriah Begley and E. Y. Begley were married on December 27, 1881, and lived together from then until 1900 when Emeriah became and was adjudged insane and confined in the insane asylum at Lexington, but before her affliction there was born to them several children, who are the plaintiffs; that in 1908 E. Y. Begley obtained a divorce from his insane wife, and a copy of the judgment was filed with the amendment. It was further alleged that the entire record other than the judgment, including all of the papers and evidence heard in that case, was lost and could not be found, but no effort was made to plead what were the grounds for the divorce, as alleged in the divorce petition, so as to properly point out the invalidity of the judgment, as our first opinion said should be done, and such defect in plaintiff's pleading was not thereby cured, nor was it done by any subsequent amendment or other pleading.

In addition to the recited contents of the amended petition, it for the first time, sought to cancel a deed executed by E. Y. Begley to appellant, Elizabeth Begley, as

his wife, whereby he conveyed to her on June 16, 1925, a certain tract of land, upon the ground that, inasmuch as the grantee therein was not the legal wife of the grantor, there was neither a valuable nor a good consideration to support the deed. But such relief based upon that contention was later withdrawn and abandoned. Our first opinion held that under the doctrine announced in the case of Newcomb v. Newcomb, 13 Bush, 544, 26 Am. Rep. 222, the child of the appellant and of E. Y. Begley could in any event inherit from its father. So that the case when submitted for final judgment on the second hearing involved only the right of appellant to her distributive share in her husband's estate as his surviving widow. The court upon that submission again adjudged against her and she was denied the right to so participate in her husband's estate, and from that judgment she prosecutes this appeal.

Neither the original petition, nor the amendment thereto filed after the rendition of our former opinion, made any attack upon the divorce judgment, further than the general statement ''that said judgment is void, and of no effect,'' and which our first opinion held was insufficient in this collateral attack to require us to disregard it as void, since, to sustain a collateral attack upon a judgment rendered by a court of general jurisdiction, the presumption is that it is valid, and the one making the attack must specifically point out in his pleading facts showing a want of jursidiction, and that, inasmuch as there may have existed in this case some legal grounds for the divorce, and which were incorporated in the petition therefor, other than the absence of Emeriah Begley from her home because of her confinement in the insane asylum, the petition should negative such facts and specifically aver that the only ground or grounds upon which the divorce was actually granted was one, or were ones, not authorized by the law. That opinion, under the well-established rule, is the law of this case, even if its holding was erroneous, but which is not true.

Every lawyer is familiar with the general rule of pleading that facts and not conclusions should be pleaded, and that, if only the latter is contained in the pleading, it will not authorize the granting of relief, unless waived or cured in or by some recognized method, none of which appears in this case. On the contrary, appellant not only unsuccessfully demurred to the original petition, but she

also filed one to the amended petition which shared a like fate. The general rule of pleading as applied to a charge of "invalidity," in whatever terms expressed, is stated in the text of 49 C. J. pages 52, 62, and 68, in secs. 23, 40, and 48. The latter reference specifically points out the rule as applicable to collateral attacks of judgment and says, that to only charge that the attacked judgment was void is but the expression of a conclusion, and, therefore, insufficient for the purpose intended. That general rule has been adopted, approved, and applied by this court in numerous cases, some of which are Angel v. Byars, 153 Ky. 208, 154 S. W. 1109, 1111; McCreary County v. Mayer, 178 Ky. 366, 198 S. W. 909; Keathley v. Town of Jenkins, 194 Ky. 156, 238 S. W. 377; Goodman v. Board of Drainage Commissioners, etc., et al., 229 Ky. 189, 16 S. W. (2d) 1036, and others referred to in those opinions. The language employed by us in the opinion in the Angel case was: "The allegation that they (judgment and execution issued thereon) were null and void is a mere conclusion of law, and therefore insufficient." The other cited opinions are equally explicit in characterizing such pleading as but the expression of the pleader's conclusion, and, therefore, insufficient.

Before the submission of this cause on the last hearing the pleadings and papers in the divorce case were found in the office of an attorney representing one of the parties in that action, and the petition was filed as evidence in this cause at that hearing. But, it can be given only an evidentiary effect and cannot cure the absence of a pleading to authorize its introduction, under the well-established rule that proof without pleading is as fatal as pleading without proof, if the pleading is denied. In this case, as we have seen, there was no pleading at either of the trials to authorize the introduction of the record in the divorce case, and consequently there was no additional ground in support of the last judgment in favor of plaintiffs, than existed at the first hearing, and the court erred in adjudging that appellant was not entitled to her distributive share as widow of E. Y. Begley.

Wherefore the judgment is reversed, with directions to set it aside and for proceedings not inconsistent with this opinion.