## Begley v. Jones et al.

(Decided Nov. 22, 1932.)

M. C. BEGLEY for appellant.

J. M. BICKNELL and J. M. MUNCY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

E. Y. Begley, deceased, who was married three times, was survived by his third wife, Elizabeth Begley, and one or more children of each marriage. The children of the second marriage brought this suit for a sale and division of the real estate which their father, E. Y. Begley, owned at the time of his death, and alleged that their father obtained a judgment of divorce from their mother, Emeriah Begley, while she was non compos mentis and confined in the asylum for the insane at Lexington; that for this reason the judgment of divorce was void, and the subsequent marriage between their father and Elizabeth Begley was also void, and that Roy Begley, the offspring of that union, was illegitimate; and that Elizabeth Begley was not entitled to dower in the estate left by E. Y. Begley, and that Roy Begley had no inheritable interest therein. Elizabeth and Roy Begley demurred to the petition, and the demurrer was overruled. They then moved to strike out all allegations, charging a bigamous marriage and Roy's illegitimacy. This motion was also overruled. Thereupon they elected to stand upon the motion and demurrer, and it was adjudged that neither of them was entitled to any interest in the land in controversy. On appeal from that judgment it was held that, in a collateral attack upon a judgment of a court of general jurisdiction, the invalidity relied on must appear on the face of the record, and that where a judgment of divorce was rendered in the court of general jurisdiction, and no part of the record in that case was incorporated in the proceeding attacking the judgment collaterally, it would be presumed that the wife was properly before the court in the divorce proceeding, and that the judgment was based on a legal ground of divorce existing before the wife became insane. Bailey v. Jones, 228 Ky. 42, 14 S. W. (2d) 152. On the return of the case some of the defendants, who were

heirs of E. Y. Begley, withdrew as such and became plaintiffs, and all the plaintiffs filed an amended petition averring in substance that Emeriah Begley and E. Y. Begley were married on December 27, 1881, and lived together from that time until 1900, when Emeriah became, and was adjudged, insane, and confined in the asylum at Lexington; that in 1908 E. Y. Begley obtained a divorce from his insane wife, and a copy of the judgment was filed with the amendment; and that the entire record other than the judgment was lost and could not be found. The chancellor again adjudged that Mrs. Begley was not entitled to share in her husband's estate. On appeal from that judgment it was held that the amended petition did not plead facts sufficient to show the invalidity of the judgment in the divorce proceeding, and that the defect in the pleading was not cured by the introduction in evidence of the pleadings and papers in that action, and the judgment was again reversed and the cause remanded for proceedings not inconsistent with the opinion. Begley v. Jones, 238 Ky. 239, 37 S. W. (2d) 44. On the second return of the case another amended petition was filed, alleging in substance that the only ground on which the divorce was granted was the insanity of the wife, and quoted as follows from the petition:

"Plaintiff says that he and the defendant lived together as man and wife from the time of their marriage until about the year 1900, when the defendant became of unsound mind and was adjudged insane and placed in the lunatic asylum as aforesaid at Lexington, Kentucky, and has there remained since that time. He says that he has not lived nor cohabited with her nor ever seen her within five years prior to the institution of this action, and he says that it is his information from those who are treating her and have her in charge that she will probably never be well again and that she will be so confined because of the unsound condition of her mind in said asylum for her natural life."

In addition to a motion to strike the amended petition, and also a motion to enter judgment in accordance with the mandate and opinion of this court, Elizabeth Begley filed a demurrer to the amended petition. After the motions and demurrer were overruled, she filed an answer denying the allegations of the amended petition.

After adjudging the divorce invalid, the court held that Elizabeth Begley was not entitled to dower in the estate of E. Y. Begley. From that judgment this appeal is prosecuted.

The divorce action was brought in the county of Perry where the husband, E. Y. Begley, and his wife, Emeriah Begley, both lived. On proper affidavit, and in conformity with the Code, summons was served by the sheriff of Fayette county on Emeriah Begley, and also on R. L. Willis, medical superintendent of the Eastern Kentucky Asylum for the Insane; he being the person having her in charge. Also on proper affidavit J. M. Muncy, a practicing attorney of the court, was appointed guardian ad litem for Emeriah Begley. In the circumstances the Perry circuit court, which was a court of general jurisdiction, had jurisdiction of the subject-matter and of the parties. The entire record of the divorce action is not before us, and in its absence it will be presumed on collateral attack that the guardian ad litem performed his duty and filed the necessary report. It is not clear from the petition in the divorce action whether the divorce was asked on the ground of insanity, or on account of the five years' separation due to insanity. But, whether the one or the other, neither is a ground of divorce. The rule is one adopted by the court, Pile v. Pile, 94 Ky. 308, 22 S. W. 215, 15 Ky. Law Rep. 88; Messick v. Messick, 177 Ky. 338, 197 S. W. 792, L. R. A. 1918A, 1184; and is not due to any statute forbidding a divorce on either ground. Thus the case is one where the petition was merely imperfect or defective, and no rule is better settled than that a judgment based on such a petition cannot be successfully attacked in a collateral proceeding. On the contrary, if the facts stated in the petition are not sufficient to entitle the plaintiff to the relief demanded therein and awarded by the judgment, the action of the court in deciding otherwise, and rendering its judgment in accordance with the prayer of the petition, can be nothing more than error. In re James, 99 Cal. 374, 33 P. 1122, 37 Am. St. Rep. 60; In re McNeil, 155 Cal. 333, 100 P. 1086; Ayers v. Harshman, 66 Ind. 291; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129; McFarlane v. Cornelius, 43 Or. 513, 73 P. 325, 74 P. 468; Mengel v. Mengel, 145 Iowa, 737, 120 N. W. 72, 122 N. W. 899. It follows that the judgment in the divorce action was not void.

The foregoing view is not in conflict with Newcomb v. Newcomb, 13 Bush. 544, 26 Am. Rep. 222. The basis of that opinion was that a constructive service obtained by the husband against the wife, who was then in his custody, or under his control, was not sufficient to bring the wife before the court, and that all the proceedings in the action were null and void.

It not appearing that the judgment of divorce was void, it follows that Elizabeth Begley's marriage was legal, and that she is entitled to her dower interest in the land in question.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.