## Angel v. Byars.

.(Decided March 28, 1913.)

Appeal from Logan Circuit Court.

1. Pleading—Petition—Demurrer—Sufficiency.—The allegation in a petition that certain judgments and executions issued thereon are void, is a mere legal conclusion, and is not sufficient on demurrer.

2. Execution—Sale—Appraisement —Necessity For—Void Sale.—An execution sale without an appraisement is void.

O'REAR & WILLIAMS and I. G. MASON for appellant.

BROWDER & BROWDER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The order consolidating this case with the cases of Walter Angel, &c. v. M. Helen Wood, &c., and A. M. An-

gel's Administratrix, &c. v. M. L. Fugate, &c., is set aside.

Plaintiff, Lizzie B. Angel, brought this action against George H. Byars to set aside an execution sale of her life interest in a lot of ground in Adairville, Kentucky. Defendant's demurrer to the petition was sustained, and the petition dismissed. Plaintiff appeals.

The petition is as follows:

"The plaintiff, Lizzie B. Angel, states that heretofore in the year 1889 one Eliza J. Bowling died a citizen and resident of Logan County, Kentucky, the owner and in the possession of the parcel of land hereinafter described, and having first made and published her last will and testament, which was thereafter duly probated in the Logan county court, and which is in words and figures as follows, to-wit:

"I, Eliza Jane Bowling, of Logan County, Ky., do make and ordain this my last will and testament, revoking any and all testamentary dispositions by me heretofore made—I give and bequeath unto Albert M. Angel and his wife, Lizzie B. Angel, all the property that I may possess at the time of my death, both personal and real, and at their death I wish the entire property so given to go to their children, and I hereby charge Albert and Lizzie Angel both to take my mother, Mrs. C. D. Winston, of Alabama Home, and give her every comfort in their power if she should outlive those who are now caring for her. I nominate and appoint Albert M. Angel executor of this my last will, without bond. In witness whereof, I hereto set my name and seal, this 11 day of Mch., 1899.
(Signed)      "Eliza J. Bowling."

"By the terms of said will it was provided by the said testatrix that in the event of the death of either the said Albert M. Angel or his wife, this plaintiff, Lizzie B. Angel, that the survivor of them two should take an estate for his or her life in all the estate, both real and personal, devised by the terms of said will, the same on the death of the survivor to go to the children of the said Albert and this plaintiff.

"She states that her said husband, Albert M. Angel, named in said will, died on the......day of......., 1908. That by the terms of said will she and her said husband jointly had an estate for their joint lives in said property, and on the death of her said husband, she took an estate for their joint lives in said property, and on the

death of her said husband she took an estate in the whole of said property for and during her own life.

"She states that heretofore in the year 1895 one J. L. Butt, agent, claimed to have recovered a judgment against her and her said husband in this court, for the sum of two hundred six dollars and seventy-cents (\$206.70) with interest thereon, at the rate of six per cent per annum, from June 17th, 1894, and his costs herein expended. That likewise one J. C. Terry claimed to have recovered a judgment in this court against her and her said husband for the sum of one hundred eleven dollars and seventy cents (\$111.70), with interest from the 13th day of August, 1894, and his costs expended. She states that although the said judgments were recorded in the office of the clerk of this court, the same were null and void, and of no binding force and effect.

"The plaintiff further states that thereafter, on March 5th, 1895, the said J. C. Terry caused the clerk of this court to issue an execution upon his said alleged judgment against Lizzie Angel and on the 22nd day of March, 1895, he caused an execution to be issued by the clerk of this court upon said judgment against A. M. Angel, said executions being separate. Likewise, on March 5th, 1895, the said J. L. Butt, agent, caused an execution to be issued by the clerk of this court against the said Lizzie Angel, and that the said Butt, on March 22nd, 1895, caused an execution to be issued by the clerk of this court upon the said judgment against A. M. Angel, said executions being separate. All of said executions were on the date of their issual put in the hands of the sheriff of Logan County for execution thereof, all of them being addressed to the said sheriff, and that thereafter the said executions were levied by the said sheriff, the two against this plaintiff upon her life estate in the land, and the two against the said A. M. Angel against his said life estate in said land. She alleges that thereafter both of said interests in said land were advertised together by the said sheriff for sale under the aforesaid levies, to make the said judgment debts, and on the 6th day of May, 1895, the day named in the said advertisement for said sale, the said interests in said land were offered together by the said sheriff, and one F. L. McKernan being the highest and best bidder at said sale, was declared the purchaser at the price of seventy-two dollars (\$72.00), for which he executed his bonds, one payable to each of said

plaintiffs for the sum of thirty-six dollars each. That thereafter the said McKernan undertook to assign and transfer to the defendant, George H. Byars, all his right, title and interest acquired under said purchase and sale, and that thereafter the said sheriff of Logan County undertook to convey the life estate of said A. M. Angel and the life estate of this plaintiff in and to said property unto the said George H. Byars, by sheriff's deed, which the said Byars duly accepted and caused to be recorded in the office of the clerk of the Logan County Court, in Deed Book.............................., page....................; that the said Byars thereupon took possession of said property and has continued to hold and claim the same ever since, and is now holding and claiming the same.

"The said parcel of ground is described as follows: (Here follows description.)

"She states that the said Byars took no title to the said property or any interest therein, because, she alleges, that the said judgments were null and void; that furthermore, the said executions issued on said judgments were irregular and independently of the judgments and without reference to their validity or invalidity, were themselves null and void and gave to the said sheriff no power to make any levy; furthermore, because the said property was not appraised as required by law, nor was the interest therein of this plaintiff appraised as required by law, or at all, nor was the interest of the said A. M. Angel therein appraised as required by law, or at all.

"She states that the defendant has held and occupied and received rents from said property at all times since he gained possession thereof, and all of which was wrongful and unlawful. She states that at the time of said judgments and the issual of said executions, the said alleged sales and at all times thereafter until the year 1908, she was a married woman laboring under the disability of coverture.

"Paragraph 2. The plaintiff further alleges that during all of said time the defendant has had the possession, use and occupancy of said premises. The reasonable use and occupation thereof has been reasonably worth the sum of ......... Dollars per year, and that the said defendant has realized and collected at least that much yearly from the said rents, all of which is due her and no

part of which has ever been paid, and for which she prays judgment against the defendant.

"Paragraph 3. The plaintiff further alleges that on the ...... day of .............., 19...., and while the defendant had possession, control and use of the premises, a house located thereon was destroyed by fire; that the defendant, George H. Byars, had the same insured against destruction by fire, and collected the insurance thereon to-wit ......... Dollars; that the said building was reasonably worth the sum of ......... Dollars, and which he has never rebuilt on said premises, although he has collected the said insurance money, and that in this way the defendant has become indebted to her in the sum of ......... Dollars, for which she sues and prays.

"Wherefore, premises considered the plaintiff prays that the said alleged sheriff's deed to the said Byars be vacated, set aside and held for naught; that he be adjudged to have no claim to, interest in or title to said property or any part thereof and that she recover the same of him; that she have judgment against the said defendant in the sum of .......Dollars for rents, with interest on each year's rent from the expiration of such year, and also in the further sum of ......... Dollars on account of the destruction of said building on said property, and for which the said defendant has collected the said insurance, and finally for her costs and all proper relief."

The petition alleges no facts going to show that the judgments and executions referred to in the petition were null and void. The allegation that they were null and void is a mere conclusion of law, and therefore insufficient. The petition, however does charge that the property "was not appraised as required by law, or at all, nor was the interest of the said A. M. Angel therein appraised as required by law, or at all." The allegation that the property was not appraised as required by law is also a legal conclusion, and is not sufficient on demurrer. We must, therefore, treat the petition as alleging that the property was not appraised at all.

Sub-section 3, section 1682, Kentucky Statutes, provides:

"Before a sale of land, the officer shall cause it to be valued, under oath, by two disinterested housekeepers of the county, not related to either party, who may be sworn by him. If they disagree, the officer shall act as umpire.

If a part of a tract only be sold, the part so sold shall, after the sale, be re-valued in like manner.''

Section 1684 provides:

''If the land so sold does not bring two-thirds of the valuation, the defendant and his representatives shall have the right to redeem the same within a year from the day of sale by paying the purchaser or his representative the original purchase money and ten per centum per annum interest thereon.''

It will be observed that the statute requires an appraisement before the property is sold. The appraisement is for the benefit of the debtor, and to secure him the legal right to redeem if the land does not bring two-thirds of the appraised value. In the case of Graves & Wells v. Long, Assignee, 87 Ky., 441, Graves & Wells had made an assignment. The assignee brought an action to sell certain land to pay debts. Prior to the Act of April 9, 1878, the debtor's right for twelve months after the sale to redeem his property if sold for less than two-thirds of its appraised value, was confined to sales under execution. If sold under decree, there was no such right. Thereafter the legislature enacted a law providing ''before any real estate shall be hereafter sold in pursuance of any order or judgment of a court, the commissioner or officer whose duty it shall be to sell the same shall cause it to be valued.'' After referring to the statute with reference to sales under an execution, the court said:

''Here there was no appraisement before the sale. It was not essential to the validity of the judgment that it should in express terms direct it, because the law required the officer to have it done; but if by implication directed the contrary, because it improperly provided that the commissioner should, without regard to what the property might bring, at once put the purchaser in possession. The employment of attorneys did not confer the power upon them to waive their client's right to redeem their property, or any steps necessary thereto, even conceding that they attempted to do so. Evidence that it in fact sold for a fair value, or more than the two-thirds of any appraised value which could fairly have been placed upon it, cannot avail. If so, it could equally be urged that a judicial sale, made without advertisement or otherwise in violation of law, should be upheld, because the property in fact brought a fair price. The law is imperative that the valuation *shall* be made *before* the

sale. It is not merely directory. It goes to the right of the debtor, and reaches to the interest of the creditors. It is the statutory test of the right of the one to redeem, and of the other to still look to the property for the payment of their debts. No coercive sale for debt can be lawfully made in the absence of this valuation. The statute forbids it, and it was not intended that its place should be supplied by testimony given after the sale and heard upon the question of its confirmation."

In the case of Smith v. Cockrill, 6 Wallace, 756, the Supreme Court of the United States held that a sale by a United States marshal under an execution was void because no appraisement was made as required by the statutes of Kansas. Indeed, the weight of authority is to the effect that a sale under an execution, without appraisement, is void. 17 Cyc., 1102. In this view we concur. As the petition states that there was no appraisement, it follows that it states a cause of action. No other question is passed on.

Judgment reversed and cause remanded with directions to overrule the demurrer to the petition.