## Hudson v. Hudson.

(Decided April 20, 1934.)

O. H. POLLARD and R. L. POLLARD for appellant.

T. T. COPE and FRED K. COPE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This is an appeal seeking the reversal of a judg-

ment of the Breathitt circuit court rendered in a suit instituted to set aside a sheriff's deed made appellee as to a parcel of land claimed by appellant, and wherein it was adjudged set aside to the extent only of an one-half interest in the land conveyed, the execution sale and sheriff's deed based thereon being upheld and sustained as to the other half interest of T. H. Hudson.

The facts disclosed by the record are briefly as follows: The criticized deed recites that T. H. Hudson, the husband of the appellant, Lettie Hudson, was sued in an action brought against him as sheriff of Breathitt county for the alleged defalcation of the public funds coming into his hands as such, wherein the county recovered judgment, upon which execution issued in favor of the county and levied upon the 10-acre tract in controversy as the property of the judgment debtor, when same was advertised and sold thereunder in October, 1914, by Matt Spencer, then sheriff of the county, to the appellee, Talbert Hudson.

By the stipulation of the parties, it is agreed that in December, 1903, George Noble and wife conveyed to T. H. Hudson and wife, Lettie Hudson, by their warranty deed a parcel of some 97 acres of land, situated in Breathitt county, Ky., containing within its boundary the 10-acre tract here in question, which deed was duly recorded; also, that thereafter in June, 1912, the said T. H. Hudson and wife, the appellant Lettie Hudson— as the grantees and owners of this 97-acre tract of land jointly conveyed them by George Noble—sold and conveyed the same to the appellee, Talbert Hudson, for a cash consideration of $1,200, expressly reserving to themselves, out of the land conveyed, the 10-acre tract here involved, which deed was also duly put to record.

Further it appears, as claimed by appellant, that at the time of making the latter deed, and in consideration of the said Lettie Hudson's joining her husband in making the conveyance to Talbert Hudson, the said T. H. Hudson at such time executed his title bond to the appellant, his wife, wherein it was recited that in consideration of her having joined him in conveying the said land to Talbert Hudson, he agreed and promised to convey her upon demand his one-half interest in the 10-acre tract which they had expressly reserved by their deed from out the conveyance made to Talbert Hudson. This instrument was never recorded, but left in the custody of appellant's attorney, who drew it.

The evidence is very conflicting as to what were the facts attending the execution sale of this 10-acre tract, here in controversy, in October, 1914, by Matt Spencer, the then sheriff of Breathitt county, under the execution issued and levied upon it, as it appears no official record was had or has been kept as to the sheriff's action and sale of this land thereunder. While it is admitted that a public sale was made of this property in 1914 by the then deputy sheriff under the execution and that the appellee, Talbert Hudson, became the purchaser of it for $100, as the highest bidder therefor, it does not appear, by any records of the office from whence issued the execution under which it was sold, whether any appraisement was made of the property before its sale or any return made upon the execution, or that any deed was by him made to the alleged execution sale purchaser; nor is there other record filed in evidence relating to the sale, except a writing purporting to be the sheriff's receipt given purchaser, acknowledging payment to him of $100 as the amount of his bid made for the 10-acre tract.

However, whatever the facts as to this alleged sheriff's sale in 1914, some sixteen years thereafter, on March 15, 1930, Lee Combs, the then sheriff of Breathitt county, and as a successor to Matt Spencer, its sheriff in 1914, executed to the appellee, Talbert Hudson, a writing purporting to be his sheriff's deed, whereby he, as the said Spencer's successor in office, conveyed him the said 10-acre parcel of land in question, as the purchaser thereof at its execution sale in October, 1914, by Matt Spencer, the then sheriff of Breathitt county.

Attacking the validity of this deed, suit was thereupon instituted by Lettie Hudson, the appellant, to set aside this purported sheriff's deed, in which she alleged that the same was void and of no effect, in that it was made without official record to support the deed's recitals that the land was sold under execution in 1914 to appellee, Talbert Hudson, in that the execution in question was never returned to the office from whence it issued. Appellant attacks the deed on the grounds that there is no record of the court to support any of the statements made in the deed; and that the records do not show there was any levy made under said execution, or that any appraisement was made of said land or that it had been sold—with the result that (as charged by plaintiff) the said sheriff, Lee Combs, in making the

deed complained of to appellee, acted without lawful authority to execute same, rendering it invalid and of no effect.

Appellant by answer traversed the allegations of the petition and also by further paragraph pleaded ownership of the land, acquired by adverse possession for the statutory period in such case provided.

Upon the issues joined, proof was taken by the parties, when the cause was submitted for judgment, whereupon the court adjudged it was "advised from the record in the case" that at the date of the sale of the land in controversy by S. J. Cockrell, deputy sheriff of Matt Spencer, sheriff of Breathitt county, that Lettie Hudson was the owner of an undivided one-half interest in the 10-acre tract of land in controversy; that S. J. Cockrell's sale of said interest of land and the deed made by Lee Combs, sheriff of Breathitt county, of said interest to Talbert Hudson be set aside and held for naught; and further adjudged that James H. Hudson, the husband of plaintiff, was at the time and date of said sale the owner of the other one-half interest in the land and that the same was subject to the levy and sale made thereof by the said Cockrell and to that extent the sale was adjudged upheld and also the deed made by the said Lee Combs, sheriff, to the defendant, Talbert Hudson, to that extent sustained, and to which extent plaintiff's petition was dismissed.

Complaining that the court erred in upholding the sale and sustaining the sheriff's deed to the extent adjudged, appellant prosecutes this appeal.

Appellant first assigns and argues as grounds for reversal of the judgment the matters pleaded, that the sheriff's deed complained of was not supported by any record of the Breathitt circuit court, and that the recitals made in the deed were based upon information received from sources other than the records; that its recital that the execution was placed in the hands of Matt Spencer, then deputy sheriff, and by him levied on the land and the land sold under said levy to appellee, Talbert Hudson, was based only upon hearsay representations made to the sheriff or from information received from sources outside and other than that given by the records of the court from which the execution issued, and which hearsay evidence as to these matters she insists was insufficient and not an available lawful source

from which to supply the necessary record evidence as to facts essential to the validity of the deed; that the sheriff's powers being solely ministerial, he was vested with no authority to make a deed to land sold under execution, except upon information based upon an official record to sustain such ministerial act.

While appellant's contention in this would appear meritorious and in keeping with the applicable law as in such case has often been declared by this court (see Angel v. Byars, 153 Ky. 208, 154 S. W. 1109), and the evidence introduced for appellee on this point, we are of the opinion, fails to reasonably establish that there existed record evidence supporting the recitals of the deed as to appellee's purchase of the property in question at the 1914 execution sale thereof or that same was made in compliance with the provisions of the statutes regulating the same, yet, in view of our conclusion reached upon another assignment of error, hereinafter considered, calling for a reversal of the judgment to that extent, it becomes unnecessary to disturb the chancellor's finding of fact on this point.

Further, the appellant contends that Lee Combs, acting as sheriff of Breathitt county in 1930, acted without authority in making the deed, in that he was not, when so acting as such sheriff, "a successor" of Matt Spencer, who, it appears, made the execution sale of the land in 1914, in that the sheriff who is authorized by section 1688 of the Statutes as "a successor" to make a deed to land sold under execution by a former sheriff must, appellant contends, be the latter's *immediate* successor, whereas Combs does not satisfy such requirement, as being the intended, designated "successor" to Spencer, in that he did not immediately succeed him. This contention, we regard as both frivolous and without merit, and as one calling for no serious consideration or further discussion.

Appellant's next objection to the judgment is that the court erred in adjudging the sheriff's deed in question sustained as to the one-half interest of T. H. Hudson alleged levied on and sold under the execution to the appellee, Talbert Hudson; appellant argues that even if the alleged execution sale was valid when made as to her husband's one-half interest in the land, she thereafter acquired such purchased interest from him by paying to the said appellee, by her certified check,

the sum of $50, which he claimed to have paid to the sheriff for the said Thomas Hudson's half interest in the land. In support of her claim in this, she filed her certified check in evidence, drawn on the First National Bank, Jackson, Ky., payable to the order of Talbert Hudson, in the sum of $50, which was duly indorsed by payee and stamped paid by the bank upon its presentation. Such amount represents one-half of the $100 claimed to have been paid by purchaser for the respective interests of both husband and wife in the 10-acre tract.

T. H. Hudson testified that he acted as agent of his wife in carrying and giving to the appellee this check and that he gave the same to him to repay him the amount for which he purchased his one-half interest in the land and to redeem by such payment this said one-half interest therein for his wife, and that the check was accepted and cashed by Talbert Hudson with such understanding.

While appellee, Talbert Hudson, gives a lengthy deposition in this case, he fails to explain why or to deny that he received this check paid him by the appellant for the alleged purpose stated, or that he did not accept it with such understanding of their averred agreement that it was being paid him by her for the purchase or redemption by her from him of her husband's said one-half interest in the land.

The evidence clearly shows that from the time of the joint purchase by appellant and her husband, Tom Hudson, of the land in question from George Noble in 1903 and their receipt of the joint deed made them therefor, she thereby became and was at all times thereafter the owner of a one-half interest in this property, as was here accordingly adjudged by the court, and that such one-half interest so belonging to her, she further insists, was not lost or prejudiced by reason of its attempted sale under execution, issued upon the judgment against her husband, for his debt alone, and levied upon the jointly owned land as his sole property. Also, it thus appears that, while owning such one-half interest therein, she acquired the other one-half interest by purchase as stated, by repaying the appellee $50 agreed upon for the redemption or purchase by her of it from him. As to this claim and testimony, appellee makes no explanation or denial that he was so paid

therefor by the appellant or that he did not accept and cash her check given him pursuant to such understanding had with her. It would thus appear that appellee, by his failure to deny or explain the alleged payment to him, admits that same was so made and accepted by him for Thomas Hudson's half interest in the land.

We are now brought to consider appellee's further claim made that if he has not acquired title to this land by sheriff's deed, he is yet the owner of it by reason of his claimed tenancy and uninterrupted, adverse possession of same since its alleged purchase.

We are clearly of the opinion that the evidence fails to support the appellee in this claim of title by adverse possession. While he testified that he has been in possession of it, his testimony shows that his claimed continuous and actual possession has been not of the tract in question but of the adjoining land, occupied by him as a home since its purchase from the appellant and her husband in 1912; that as to this 10-acre tract in question, adjoining his home place, he has cleared up about an acre, which he has, during only two of these sixteen intervening years, cultivated—letting it "lay out" during the rest of the period—nor has he inclosed the boundary of this tract with a fence. Such possession as he testifies his was of this land does not satisfy the rule, requiring in such case as found here an actual and continuous adverse possession, held while claiming to a well-defined and inclosed boundary.

We are thus led, upon a consideration of the whole case, to conclude that the learned chancellor's judgment in setting aside the sheriff's deed conveying the one-half interest of appellant to the land in question to Talbert Hudson was proper, and to that extent it is affirmed, but that, to the extent it upholds and sustains the sale and deed of T. H. Hudson's one-half interest in the land to Talbert Hudson, it is in error and should be reversed.

The cause is therefore remanded, with directions to the court to so correct the judgment as to make it consistent with this opinion.