## Louisville Joint Stock Land Bank et al. v. Central Trust Co. of Owensboro.

(Decided Nov. 10, 1936.)

A. L. McDONALD and LEE GIBSON for appellant.

CARY, MILLER & KIRK for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In May, 1923, James Y. Sheriff mortgaged his farm in Daviess county, Ky., to the Louisville Joint Stock Land Bank (hereinafter called the Louisville Bank) to secure a loan of $7,000. Thereafter Sheriff became indebted to the Central Trust Company of Owensboro, Ky., and in September, 1926, he conveyed to it his said farm in Daviess county in satisfaction of his indebtedness to it, and in the transaction the Central Trust Company assumed the balance of Sheriff's indebtedness to the Louisville Bank which was secured by the mortgage on the farm. Sheriff's indebtedness to the Louisville Bank was on the amortization plan, and after the Central Trust Company assumed that obligation it paid the installments thereon as they became due until January 2, 1932, when the Central Trust Company failed and placed its affairs in the hands of the banking commissioner of Kentucky as provided by sections 165a-17 and 165a-18 of the Kentucky Statutes 1930. J. R. Dorman, the then banking commissioner of Kentucky, appointed R. L. McFarland of Owensboro as special deputy banking commissioner and placed him in charge of the liquidation of the Central Trust Company and he took charge of the institution as liquidating agent thereof. McFarland failed and refused to make any further payments to the Louisville Bank on the indebtedness of Sheriff assumed by the Central Trust Company.

In June, 1932, the Louisville Bank filed its petition in equity in the Daviess circuit court, naming as defendants therein James Y. Sheriff and Florence Sheriff, his wife, the Central Trust Company, a corporation of Owensboro, Ky., R. L. McFarland, special deputy banking commissioner in charge, and Jake Stringer, tenant, seeking to enforce the mortgage which was made to it by Sheriff to secure his indebtedness to it and which indebtedness was assumed by the Central Trust Company as stated above. It asked that the balance of its debt be adjudged due and prayed "that it be given judgment against the defendants James Y. Sheriff, Florence

Sheriff and the Central Trust Company of Owensboro, Ky.," for the sum of $6,294.50, with 6 per cent. interest thereon from September 1, 1931, being the balance due on its note sued on and for a first and superior lien on the mortgaged real estate to secure its judgment debt, and asked that the property be sold in satisfaction of all the lien debts shown to exist thereon.

Summons issued against all the named defendants and the return thereon made by the sheriff is as follows:

"Executed, the within summons on James Y. Sheriff, Florence Sheriff, his wife and Jake Stringer, Tenant, by delivering to each of them a true copy of same, this the 2nd day of July; and executed the Within on the Central Trust Company, a corporation of Owensboro, Kentucky, by delivering to R. L. McFarland, Special Deputy Banking Commissioner, a true copy of same; and on R. L. McFarland, Special Deputy Banking Commissioner a true copy of same, this the 2nd day of July, 1932."

No answer was filed by any of the defendants, and on June 25, 1932, a judgment was entered adjudging the debt of the Louisville Bank due and that it recover from the defendants James Y. Sheriff and Florence Sheriff, his wife, and the Central Trust Company, a corporation, the sum of $6,294.50, with interest from September 1, 1931, until paid, being the balance of its note sued on, and further adjudged that execution may issue on the judgment for any unpaid part thereof, after the sale of the property. The land was ordered sold in satisfaction of the judgment, and the Louisville Bank, plaintiff below, became the purchaser of the land at the price of $3,501, which amount was credited on its judgment.

The Central Trust Company reorganized and resumed business in its own right on October 16, 1933, which was prior to the issuance of the execution herein, and, having made no further payments on the judgment, on the 19th day of December, 1934, the Louisville Bank caused an execution to issue from the office of the clerk of the Daviess circuit court and placed it in the hands of Everett Thompson, sheriff of Daviess county, Ky., for execution in satisfaction of the unpaid balance of the judgment.

On February 15, 1935, the Central Trust Company filed its petition in equity in the Daviess circuit court to

enjoin the sheriff of Daviess county and the Louisville Bank from levying the execution on the property of the plaintiff, Central Trust Company, alleging, *inter alia,* that the judgment was void and of no effect because the same was not supported by the pleadings filed in the action of the Louisville Bank against the Central Trust Company et al., and that the Central Trust Company had never been served with a summons in the action and was not before the court.

The record in the former suit is filed with this record and made a part of it for the purpose of determining the validity of the judgment on which this action is based.

The Louisville Bank filed a demurrer to the petition which was overruled, and thereupon it filed its answer setting up all the facts in substance as indicated above, to which the court sustained a demurrer, and, the plaintiff failing to plead further, the court granted an injunction enjoining the sheriff and Louisville Bank from levying the execution on the property of the Central Trust Company in satisfaction of the execution. The Louisville Bank appeals.

It is insisted for the appellant that the court should have sustained the demurrer to the petition because it only states a conclusion of law, but fails to state facts sufficient to constitute a cause of action, and in support of this contention it cites Angel v. Byars, 153 Ky. 208, 154 S. W. 1109, 1111, wherein it is said:

> "The petition alleges no facts going to show that the judgments and execution referred to in the petition were null and void. The allegation that they were null and void is a mere conclusion of law, and therefore insufficient."

The petition in the present case goes further than to merely allege that the judgment was null and void. It further alleged that the Central Trust Company was not served with summons and not before the court, an allegation of fact, which must be taken as true for the purpose of demurrer. We think the petition stated a cause of action and the court properly overruled the demurrer thereto.

It is also insisted for appellant that service of summons on McFarland, deputy banking commissioner and

liquidating agent in charge, was sufficient to bring the Central Trust Company, the corporation, before the court, for the purpose of rendering a personal judgment against it. It has been repeatedly held by this court that service of summons on the banking commissioner or liquidating agent in charge of a defunct bank is sufficient to bring the liquidating agent and the assets of a defunct institution before the court for all purposes necessary to the liquidation of the bank and administering the assets of the defunct institution. Ex Parte Smith, 160 Ky. 83, 169 S. W. 582; Milner et al. v. Gibson et al., 249 Ky. 594, 61 S. W. (2d) 273. But we know of no authority holding that service of process on the banking commissioner or liquidating agent in charge is sufficient to bring the bank as a corporation before the court for the purpose of rendering a personal judgment against it for which execution may issue in satisfaction of such judgment. The Louisville Bank had the right to foreclose its mortgage, and it would have been proper for it to file its claim with the liquidating agent as other creditors. No judgment was prayed against the banking commissioner or McFarland as liquidating agent in charge. McFarland was made a party defendant in the caption and body of the petition, but in the prayer thereof the plaintiff prayed judgment only against Sheriff and his wife and the Central Trust Company, but asked no relief or judgment against the banking commissioner or the liquidating agent in charge. The judgment entered was in conformity to the prayer of the petition. It was adjudged only that the plaintiff recover of the mortgagors, Sheriff and his wife, and the Central Trust Company. In the closing part of the judgment we find this statement:

"Plaintiff on this day renewed its motion for a Receiver, whereupon plaintiff appeared by its attorney, Lee Gibson, and the defendant, J. R. Dorman, State Banking Commissioner of Kentucky, by its attorney, W. P. Sandidge, and the Court after hearing each of said attorneys, refused to pass on said motion inasmuch as he is not passing on any of the matters that affect the interest of the liquidation of the Central Trust Company.

"This action is left open for such future orders as the court may from time to time see proper to make."

It is thus seen that the court took no action concerning the liquidation of the bank but rendered a personal judgment only against the corporation.

Appellant could not by the method it pursued ignore the insolvency of the corporation and obtain a personal judgment against it for the full amount of its (plaintiff's) claim, and thereby gain a preference over other creditors. If so, there would be no necessity for a receiver (in the present case the banking commissioner) taking charge of the assets of an insolvent person or institution and all creditors could proceed directly against such insolvent persons or institution as though they were solvent and thereby defeat the purpose for which the statute was designed.

It is further insisted, however, that counsel for the corporation entered its appearance by objection to a motion for a receiver as set out in the quoted paragraph of the judgment above. But the record discloses that W. P. Sandidge was counsel for the banking commissioner only and did not purport to represent the Central Trust Company as a corporation. We do not think his action entered the appearance of the Central Trust Company.

From what has been said it follows that the court properly granted the injunction.

The judgment is affirmed.