## Gover et ux. v. Queen.

May 29, 1945.

Murray L. Brown for appellants.

C. R. Luker for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

Appellee is the owner of a tract of land facing the east side of U. S. Highway No. 25 in Laurel County. Appellants own an adjacent tract to the south, which likewise faces U. S. Highway No. 25. Appellee instituted the suit, alleging that appellants had encroached upon his domain; and the sole issue to be determined is the location of the boundary line between the two tracts.

By mesne conveyances, both parties claim title from a common grantor. The line in dispute is described in appellants' deed as, "Beginning at corner of 1, corner to George Queen parcel and in east right of way line of U. S. Highway No. 25, a fence post in said right of way; thence with said Queen parcel S. 49° 30′ E. 15.14 chains along fence line to corner 2 common to said Queen parcel 12 inch pine with 6 old survey hacks, on north bank of Laurel River. * * *"

The description of the line in appellee's deed commences at "Albert Ohler's line (on Laurel River), thence with said Ohler's line to Dixie Highway." The evidence shows conclusively that the line commences at a stone or post in the Dixie Highway, and ends at a fallen pine on the banks of Laurel River. Both objects are now in existence, and are recognized to be the correct corners by both parties and all of the witnesses. The Chancellor fixed the division to be a straight line between these objects, in the following language: "Beginning at a stone or post on Dixie Highway, and running S. 48 E. 60-½ poles to a pine now down on the north bank of Big Laurel River, and running in a straight line between these two points; * * *."

In the year 1929 a fence was built on the approximate division line, and that fence was standing when the parties to this action became the owners of their

respective tracts. The evidence is not sufficient to show that this fence was built on the exact location of the division line; but, upon the assumption that it was, appellee contends that appellants have, piled cinders, iron pipes, and other debris, and have built outbuildings upon and against the fence, in such a manner as to push it back from its original location and to leave it in the shape of a bow extending and encroaching on appellee's property. The evidence shows that the cinders, pipe, and other debris have covered the fence in such manner as to render impossible a determination of its exact location at the present time. We have not been accorded the privilege of examining the description of the boundary line in any of the deeds antecedent to those conveying the property to appellants and appellee. On this account, it is extremely difficult for us to determine the location of the line, except at its beginning and end. There is nothing in either description to indicate that the call departs from a straight line. The law presumes a boundary line running from one point to another to be a straight line; and this presumption can be overcome only by satisfactory evidence to the contrary. Varney et ux. v. Orinoco Mining Co., 201 Ky. 571, 257 S. W. 1016. We have concluded that the Chancellor did not err in rendering judgment in accordance with this presumption, although there is no evidence in the record to justify his finding that the compass call is south 48°. But this error, if it is an error, is not prejudicial, because courses and distances must yield to natural objects—in this case, the stone in Highway 25 and the fallen pine on the north bank of Laurel River. Martt v. McBrayer et al., 292 Ky. 479, 166 S. W. 2d 823.

Appellants' plea of adverse possession cannot be sustained, because of failure of proof of possession to a well-defined boundary. Possession is claimed to the fence, which it is contended was built in the year 1929 on the site of a fence in previous existence. The difficulty with the evidence is that there is no showing that the old fence or the one built in 1929 enclosed within appellants' boundary the bow-shaped property in dispute. Possession, to ripen into title, must be to a well-defined boundary. Hudson v. Hudson, 253 Ky. 814, 70 S. W. 2d 935.

The judgment is affirmed.