## Queen et al. v. Gover et al.

June 15, 1948.

Rehearing denied December 17, 1948.

C. R. Luker for appellants.

Murray L. Brown and Lewis & Weaver for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This is the second appeal of this case, the former opinion being reported in 300 Ky. 704, 189 S. W. 2d 672. As the first opinion states the facts it is not necessary to do so again, except insofar as may be necessary to a determination of the question involved on this appeal.

The judgment from which the first appeal was prosecuted fixed the dividing line between the parties as "Beginning at a stone or post on Dixie Highway, and running S 48 E 60½ poles to a pine now down on the north bank of Big Laurel River, and running in a straight line between these two points." In affirming that judgment and in upholding the chancellor that the law presumes a boundary line running from one point to another to be a straight line, we said, "We have concluded that the chancellor did not err in rendering judgment in accordance with this presumption, although there is no evidence in the record to justify his finding that the compass call is South 48 degrees. But this error, if it is an error, is not prejudicial, because courses and distances must yield to natural objects—in this case, the stone in Highway 25 and the fallen pine on the north bank of Laurel River."

After the mandate issued Queen obtained a writ of possession and Gover started constructing a fence on what he conceived to be the line fixed by the chancellor. The petition in the instant case avers that the sheriff was putting Queen in possession of some 13 to 14 inches of Gover's land, which would destroy a portion of his

greenhouse valued at $3500; also, that Queen has threatened Gover with bodily harm when the latter attempted to erect a fence on the "judgment" line; and sought an injunction against both Queen and the sheriff.

In affirming the first judgment we were under the impression that the beginning corner A was known, agreed upon and marked with a stone. Likewise, we were under the impression that the second corner B was definitely known, agreed upon and marked by a pine stump. From what occurred when the parties attempted to establish on the ground the line from A to B as adopted by the chancellor, we see that the corner A is unmarked; and while there is evidence of an old stump having stood at B, the exact center of this old stump is in dispute between the parties, hence it became necessary to locate on the ground these corners A and B and to run a straight line between them, as found by the chancellor to be the dividing line between the properties of these parties.

In a well-considered written opinion the chancellor held that the beginning stone corner on the highway was unmarked and that the surveyor, J. M. Coulton, properly located it by starting at a known pine corner C on his map, and running an undisputed line N. 49.30 W. 766.9 feet to a notch in a rock wall adjoining the highway, corner D on Coulton's map. Coulton then ran from the corner C an undisputed line N. 87.30 E. 297 feet to the down pine stump, corner B on his map. Coulton next reversed the course of the line the chancellor's judgment in the first case established from A to B and ran it from B. N. 49.30 W. to where it intersected a line he ran in an undisputed course from D, N. 34.30 E, which it did at 217.8 feet from B, thus Coulton located the unmarked corner A. This is the correct method to pursue in locating a lost corner, Chambers v. Tharp, 93 S. W.. 627, 29 Ky. Law Rep. 271; Louisville Property Co. v. Rose, 184 Ky. 221, 211 S. W. 743, and it naturally follows that it is the correct method to use in locating an unmarked corner.

While appellant admits our first opinion is the law of the case and that it established the line from A to B (Coulton's map), and the present action involves only correctly defining or marking that line on the ground,

he then attempted to prove the location of the line from A to B, established by the chancellor in the first trial, by the introduction of certain deeds which were not put in evidence on the first trial. This he cannot do. The line from A to B was established in the first judgment which was affirmed on the former appeal and is now res judicata. The only question confronting us on this appeal is whether or not this line was correctly laid down on the ground in conformity with the judgment entered on the first trial. We are of the opinion that the only method which could have been adopted by a surveyor under the former judgment was the one adopted by Coulton and confirmed by the chancellor.

In preparing this record the Clerk of the Laurel Circuit Court did not comply with our rule 1.100 which says typewritten records "* * * must be written with a black record ribbon which is not worn or faded * * *." The record before us was made with such a worn or faded ribbon that it is so dim it can only be read with difficulty and it is trying on the eyes. For the infraction of this rule there will be deducted $10 from the fee of the clerk for preparing the transcript and the chancellor will enter an order directing that sum to be credited on the cost due the clerk by the appellant. We call attention to appellants' attorney that it was incumbent upon him to have inspected the clerk's records and not let it come here in its present condition.

The judgment is affirmed.