## Leonard, et al. v. Williams.

(Decided October 24, 1924.)

### Appeal from Hardin Circuit Court.

1. Ejectment—Pleadings Held to Show Parties Claimed Title from Common Source, so that Plaintiff was Not Required to Trace Title Beyond.—Where petition asserted title by inheritance from father, and answer asserted ownership by purchase by remote vendor at judicial sale to pay debts of plaintiff's father, pleadings showed parties claimed title from common source and defendant was not entitled to have petition dismissed because of plaintiff's failure to trace his title beyond common source.

2. Ejectment—Defendant Could Not Deny Plaintiff's Title and Claim Affirmative Relief of Subrogation to Rights of His Creditors.—Defendant claiming title through judicial sale of property under

judgment against plaintiff's father could not both deny plaintiff's title, and, claiming thereunder, obtain subrogation to rights of creditors, or other equitable relief.

3. Judgment—Process—Affidavit for Warning Order, Not Alleging Belief Defendant Was Absent, Insufficient and Does Not Support Judgment.—Affidavit for warning order in verified petition, alleging that defendant was nonresident and giving postoffice address, but not alleging belief that he was then absent from state, did not warrant issuance of warning order, and judgment rendered thereon was absolutely void and subject to collateral attack.

4. Judgment—Presumed on Collateral Attack that Proceedings were Regular Unless Contrary Affirmatively Appears.—On collateral attack on judgment, it is presumed that proceedings were regular unless contrary affirmatively appears.

5. Judgment—Warning Order Held to Preclude Presumption of Proper Affidavit.—Where warning order states that it was issued on verified petition, not alleging belief that nonresident defendant was then absent from state, it cannot be presumed on collateral attack that it was made on proper affidavit.

G. K. HOLBERT and H. L. JAMES for appellants.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee Williams by his petition herein asserted title to a described tract of land by inheritance from his father, David S. Williams, which he alleged the defendant was holding and claiming without right under and through him, and sought to recover possession thereof. The defendant traversed the petition, and asserted ownership of the land by purchase thereof by a remote vendor at a judicial sale of same to pay the debts of plaintiff's father, David S. Williams, and sought, if denied title, to be subrogated to the rights of David S. Williams' creditors in that action to a lien on the land for the amount of their claims.

It is therefore clear that the parties by their pleadings claimed title to the land in dispute from a common source, David S. Williams, and that defendant was not entitled to have the petition dismissed because of plaintiff's failure to trace his title beyond the common source. Watkins v. Northern Coal & Coke Co., 132 Ky. 700, 119 S. W. 225; Cryer v. McGuire, 148 Ky. 100, 146 S. W. 402; May v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131.

Indeed defendant's answer, despite its traverse of the averments of the petition, and attempt to plead defendant's alleged title simply as an estoppel, really put

in issue only the question of whether or not the court had jurisdiction of plaintiff in the action in which David S. Williams' title to the land was sold, since obviously defendant could not both deny David S. Williams' title, and, claiming thereunder, obtain the affirmative relief of subrogation to the rights of his creditors, together with all other proper and equitable relief to which under that sale he was entitled as was his prayer.

If defendant wanted to avoid the consequences of claiming title from a common source, he should have stood upon his denial of plaintiff's title, and he will not be heard to say that such only was his purpose when he has in fact asserted superior title from a common source, and asked a lien upon and sale of the land because of the facts alleged, if they do not prove title in him.

The next insistence for appellants is, that the court erred in finding as a fact that plaintiff was not constructively summoned in the action wherein the land was sold to pay his father's debts, it being admitted he was not served with ordinary process.

The affidavit for warning order therein is found in the verified petition, and alleges that plaintiff was a nonresident of this state and a resident of Indiana, and gives his postoffice address, but it does not allege, as the code requires, a belief that he was then absent from this state.

This precise question has been before this court several times, and in every instance it has been held that such an affidavit does not warrant the issuance of warning order, and that a judgment rendered thereon is absolutely void and therefore subject to collateral attack. Redwine v. Underwood, 101 Ky. 190, 40 S. W. 462; Warrick v. McCormick, 150 Ky. 800, 150 S. W. 1027; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109.

But we are asked to presume, as always is proper upon collateral attack, that the proceedings were regular unless the contrary affirmatively appear. This, however, gets us nowhere in this case, since the warning order affirmatively states it was issued upon the verified petition that day filed, which contains all the other necessary averments for warning order, but omits to state that the nonresident is believed to be absent from the state.

There is therefore no possible room for a presumption that the warning order was made upon a proper affidavit, or except upon the insufficient averments of the verified petition.

The final contention is that plaintiff failed to show title because the will of his grandfather gave the entire fee to his grandmother, with the consequence that the attempt to devise a remainder interest to plaintiff's father, David S. Williams, was void.

This contention is clearly without merit, not only because, as we have already seen, David S. Williams was admitted by the pleadings to be the common source of title of both parties, but also because the will of the grandfather is not reasonably susceptible of the construction contended for.

Wherefore the judgment is affirmed, and the cause remanded for trial of the undisposed of issues.