## Sewell v. Dykes et al.

(Decided March 25, 1930.)

O. H. POLLARD and R. L. POLLARD for appellant.

E. C. HYDEN AND W. L. KASH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Appellant brought this action against appellee to quiet his title to a narrow strip of land, lying along the Kentucky river at Jackson, Ky. They filed answer denying the allegations of the petition and pleading title in them to the land. On their motion, a jury trial was had. The jury returned a verdict for the defendants. The plaintiff appeals. The facts shown are these:

In an action filed in the Breathitt common pleas court in 1892 for the partition of the real estate of Fanny Cockrell, commissioners were appointed to divide the

574

land. They made their report, which was approved by the court, and the land was conveyed by the commissioners to the persons to whom it was allotted. One of these was the Dictator Coal Company, under whom the plaintiff claims as a remote vendee, and, as shown by the plaintiff, the strip in controversy is a part of the land so conveyed, and passed to him under his deed. The partition was of a large body of land. The defendants are the remote vendees of the other persons to whom land was allotted in this division. They hold lots which as plotted front on Main street and run back a given number of feet, leaving a strip between the rear of these lots and the river, varying in width according to the plot from about forty feet to one hundred and thirty feet. They extended their possessions back to the river, and claimed the space out to the river by adverse possession. On the trial of the case, the court allowed the defendants to introduce in evidence the deed from John Hargis, made in 1848, under which Fanny Cockrell held. In this deed Hargis made the following reservations: "Excepting out of said one thousand acres what has been formerly sold by said Hargis, and also excepting the county seat and all that has been otherwise sold or taken for roads."

There was an old road running down the Kentucky river over the strip in controversy at the time of the division of the land in 1892. This road had been there as far back as any of the witnesses know, and extended out about to the top of the bank of the river. After the division was made in 1892 and Main street was thereby established, the road was abandoned, the travel going over Main street and striking the old road beyond the land in controversy. This has been the condition for more than thirty years.

The court by his first instruction told the jury that they should find for plaintiff if they believed from the evidence that the land in controversy was embraced within the deed under which he claimed, unless they believed as set out in No. 2 or No. 3, and that, in that event, they should find for the defendants. By No. 3 the question of adverse possession was submitted. No. 2 is in these words:

"The court further instructs the jury that although they may believe from the evidence that the land in controversy is embraced within the deeds

mentioned in Instruction No. 1, still, if they shall believe from the evidence that the land in controversy was and is embraced in the exclusions set out in the deed from John Hargis to Thomas Sewell of date 3rd day of February 1848, then they will find for the defendants.''

The deed from John Hargis, made in 1848, should not have been admitted in evidence, and the above instruction should not have been given, for all the parties claimed the land they held under title papers running back to the deeds made in the partition proceeding. In other words, all of them claimed under Fanny Cockrell, and the rule is well settled that, where both parties claim title under a common grantor, neither is in a position to assail the title of the common grantor. Gay v. Moffitt, 2 Bibb, 506, 5 Am. Dec. 633; Luen v. Wilson, 85 Ky. 503, 3 S. W. 911; Leonard v. Williams, 205 Ky. 218, 265 S. W. 618, and cases cited. If the original grantees to whom this land was conveyed in the partition proceeding had each held his share until now, and this controversy had arisen between the Dictator Coal Company and those to whom the remainder of the land was then conveyed in the partition, clearly none of them could set up the fact that Fanny Cockrell did not have title to this land, because in the action referred to it was adjudged to be her land, and was divided and conveyed as her land; and each one, who was a party to the partition proceeding, would be estopped, while holding on to the land he got, to say that the other party did not get title to the land that was allotted to him. The partition proceeding was conclusive upon the parties until set aside in some way. Those who bought the land from the original parties simply stood in their shoes, and so did the persons who bought from them, and none of them can assert that Fanny Cockrell did not own the land that was divided in that proceeding.

The original plot is lost; only a tracing of it was produced, but this was sufficiently proved to be correct, and was properly admitted in evidence. Under the proof, the only question to be submitted to the jury is adverse possession for fifteen years. The instructions given by the court submitted this question. Appellees had no adverse possession of the land within the boundary set out in the deed to appellant, unless they, or those under whom they claimed, entered within his boundary and held the land in possession by fencing it or other acts

sufficient to give a man of ordinary prudence notice that they claimed it as their own; and, to bar a recovery, such possession must have been continuous for fifteen years before the action was brought. On another trial the court will so instruct the jury. The evidence as to a continuous adverse possession for fifteen years is not clear, at least as to some of the lots, but, as the case must be tried again and the evidence may be different on another trial, the court reserves this question as to all the lots. On another trial, if there is no evidence showing a continuous adverse possession for fifteen years as to any one or more of the lots, the court should give the jury a peremptory instruction as to these lots and submit the case to the jury as to the others.

Judgment reversed, and cause remanded for a new trial.