

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 20, 1951

Hon. J. W. Edgar                    Opinion No. V-1244
Commissioner of Education
Texas Education Agency          Re:  Legality of one person
Austin, Texas                          being at the same time
                                             both county school su-
                                             perintendent and super-
                                             intendent, principal,
                                             or teacher of an inde-
Dear Sir:                               pendent school district.

         Your request for an opinion reads in part as
follows:

         "We desire the opinion of your office
    concerning whether or not a superintendent,
    principal, or teacher, of an independent
    school district may also hold the office of
    county superintendent in the same county,
    either with or without compensation."

         Section 40 of Article XVI, Constitution of Tex-
as, reads as follows:

         "No person shall hold or exercise,
    at the same time, more than one civil of-
    fice of emolument, except . . ." (Excep-
    tions not pertinent in this opinion.)

         Dual office holding is expressly forbidden by
Section 40 of Article XVI, supra, where both offices are
civil offices of emolument.  Whether a person declines
to accept the salary of one such office, an attribute of
that office, could not change the character of that of-
fice of emolument to one of no emolument.  Such subterfuge
would not be condoned to defeat or evade the prohibition
of that constitutional provision.

         It is also a fundamental rule of law that one
person may not hold at the same time two offices the du-
ties of which are incompatible, and this principle ap-
plies whether or not the office is named in the exception
contained in Section 40 of Article XVI, Constitution of
Texas.  Biencourt v. Parker, 27 Tex. 558 (1864); State
v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109 (1886); Thomas

v. Abernathy County Line Ind. School Dist., 290 S.W. 152 (Tex. Comm. App. 1927); Pruitt v. Glen Rose Ind. School Dist., 126 Tex. 45, 84 S. W. 2d 1004 (1935); Att'y Gen. Ops. O-4957 (1942), O-5145 (1943), V-63 (1947), V-1192 (1951).

A county superintendent, of course, is a public officer. He holds a civil office of emolument. Arts. 2688, 2700, V.C.S.; Att'y Gen. Op. V-759 (1949).

It has been held that a superintendent of an independent school district holds a public office and that it is a civil office of emolument. Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120 (1902), later cited in Bonner v. Belsterling, 104 Tex. 432, 138 S.W. 571 (1911), and Temple Ind. School Dist. V. Proctor, 97 S.W. 2d 1047 (Tex. Civ. App. 1936, error ref.). See Los Angeles Ind. School Dist. v. Whitehead, 34 S.W.2d 895 (Tex.Civ. App. 1931, error ref.); Plains Common Consol. School Dist. No. 1. v. Hayhurst, 122 S.W.2d 322 (Tex.Civ.App. 1938); Att'y Gen. Ops. O-7323 (1946), V-759 (1949). His salary is paid out of local funds of the district, including any State aid funds for which the district is eligible and has made application under Senate bill 116, Acts 51st Leg., R.S. 1949, ch. 334, p. 625. Arts. 2922-14, 2827,V.C.S.

In the case of Pruitt v. Glen Rose Ind. School Dist., 126 Tex. 45, 84 S.W.2d 1004, 1007 (1935), the court cites the following rule summarized in 34 Tex. Jur. 354, Public Officers, Sec. 19:

"Having elected to accept and qualify for the second office, ipso facto and as a matter of law, he vacates the first office. This is true, where both offices are places of emolument, regardless of whether they are incompatible, and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply."

Accordingly, by virtue of the prohibition of Section 40 of Article XVI of the Constitution, we agree with you that one person may not at the same time legally hold both civil offices of emolument, the office of

county superintendent and the office of superintendent of an independent school district.

In Attorney General's Opinion O-4669 (1942), information received from the State Department of Education was quoted as follows:

"There are two types of school principals:  those that work in a large school system under the direction of a local superintendent, and those who are in charge of schools in rural areas that come under the jurisdiction of the county superintendent.

"School principals are considered head teachers who are held responsible for administering the schools which are under their control or supervision.  Their duties are both administrative and supervisory.  A great many such principals usually teach all or part of the time."

The opinion concluded that a school principal is but a head teacher, that a school principal does not, as such, hold an office.  See also Art. 2922-13, subd. (6), V.C.S.

A school teacher is not a public officer and does not hold, as such, a civil office of emolument. Martin v. Fisher, 291 Pac. 276 (Cal.Dist.Ct. 1930); Leymel v. Johnson, 288 Pac. 859 (Cal.Dist.Ct. 1930); 37 Tex. Jur. 1035, Schools, Sec. 153; Att'y Gen. Ops. O-371 (1939), 0-4628 (1942), 0-4669 (1942), 0-4902 (1942), V-325 (1947), V-834 (1949), and cases cited therein.  The annotation in 75 A.L.R. 1355 concludes:  "The courts are almost unanimous in holding that the position of a teacher is that of employment resting on contract."  Att'y Gen. Ops. O-4982 (1942), 0-7396 (1946), V-689 (1948).

Thus, the constitutional prohibition against the holding of more than one office of emolument (Art. XVI, Sec. 40) would not apply to forbid one person from holding at the same time the office of county superintendent and the employment of principal or teacher in an independent school district.  In Opinion O-4669, supra, it was held that one person could hold at the same time the office of county superintendent and the position of principal (head

teacher) of a school district in another county. That opinion stated that we are compelled to the conclusion that the duties attached to the two positions (office and employment), each being in a different county, are not incompatible; but it would be a different situation if both positions were in the same county. In Opinion O-4669 neither of the positions there under consideration is subordinate to the other; neither is subject to the supervisory power or jurisdiction of the other.

Opinion 2267 (1921), Attorney General's Opinions and Reports, Vol. 1920-1922, p. 445, held that it is unlawful as against public policy, for a county superintendent to hold a position as school teacher in a school where it is his duty to approve the contract or voucher of the teacher or teachers. It was never contemplated by law that a county superintendent should approve his own vouchers and his own contract. Thus, on the principle of incompatibility, a county superintendent legally could not hold at the same time in the same county the employment of a teacher or principal of a common school district or an independent school district having fewer than one hundred and fifty scholastics. Art. 2763, R.C. S., 1925; Arts. 2629, 2693, 2749. 2750, 2750a-1, 2751, V.C.S.; Knuckles v. Board of Education of Bell County, 274 Ky. 431, 114 S.W.2d 511 (1938); Richardson v. Bell County Board of Education, 296 Ky. 520, 177 S.W.2d 871 (1944).

Furthermore, Article 2690, V.C.S., provides as follows:

"The County Superintendent shall have under the direction of the (State Commissioner of Education), the immediate supervision of all matters pertaining to public education in his county. He shall confer with the teachers and trustees and give them advice when needed, visit and examine schools, and deliver lectures that shall tend to create an interest in public education. He shall spend four days each week visiting the schools while they are in session, when it is possible for him to do so. He shall have authority over all of the public shcools within his county, except such of the independent school districts as have a scholastic population of five hundred or more. In such independent school districts as have less than five hundred scholastic population,

the reports of the principals and treasurers
to the State Department of Education shall be
approved by the county superintendent before
they are forwarded to the (State Commissioner
of Education). All appeals in _such_ independ-
ent school districts shall lie to the county
superintendent, . . " (Emphasis added; mat-
ter in parenthesis substituted for "State Su-
perintendent.")

See also Arts. 2691, 2746a, V.C.S.

Under these statutes it is apparent that a coun-
ty superintendent has broad supervisory and appellate func-
tions with respect to independent school districts in his
county which have less than five hundred scholastic popu-
lation. Clearly, the positions of teacher and principal
(head teacher) in an independent school district having
less than five hundred scholastics, are subordinate to the
office of county superintendent having jurisdiction there-
of and are subject to the supervisory power and jurisdic-
tion of the county superintendent as prescribed in those
laws. Therefore, based on the principle of incompatibil-
ity, it is our opinion that one person could not at the
same time legally hold the office of county superintend-
ent and the position of principal or teacher in an inde-
pendent school district located in the same county and
having a scholastic population of less than five hundred.

However, there is no legal basis upon which it
may be said that one person may not, at the same time,
hold the office of county superintendent and the position
of principal or teacher in an independent school district
within the same county and having a scholastic population
of five hundred or more. We have been unable to find any
statute providing that either position is accountable to,
under the dominion of, or subordinate to the office of
county superintendent such as would require the applica-
tion thereto of the principle of incompatibility.

This opinion is limited to the question submit-
ted and we do not pass on the propriety of a county super-
intendent holding at the same time another position, public
or private. Att'y Gen. Op. V-759 (1949). Your attention,
however, is directed to Opinion 2267, _supra_, released by
the Attorney General in 1921 in which it was said:

"If a county superintendent should teach school to the extent that his official duties are neglected, he would be guilty of official misconduct, as defined by Article 6033 of the Revised Civil Statutes of this State. After providing that county officers (which term would include the county superintendent) may be removed for official misconduct, the statute defines the term 'official misconduct' as follows:

"'By "official misconduct," as used in this title with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the laws; and under this head of official misconduct are included any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law.'

"The duties of the county superintendent are many, but I call your particular attention to the fact that that official has, under the direction of the State Superintendent of Public Instruction, the immediate supervision of all matters pertaining to public education in his county. He shall confer with the teachers and trustees and give them advice when needed, visit and examine schools and deliver lectures that shall tend to create an interest in public education. (Art. 2752, Revised Civil Statutes) This article of the statutes contains the following language: 'He shall spend as much as four days in each week visiting the schools while they are in session, when it is possible for him to do so.'

"He has many other duties, and it is difficult to understand how a county superintendent could hold a position of teaching in the public schools and at the same time not be guilty of official misconduct as defined by the statute above quoted. The fact

alone that he is required to spend four
days a week in visiting the schools when
possible for him to do so would, it seems
to us, preclude him from holding an ordi-
nary position as teacher in the public
schools of the State and at the same time
perform his own official duties.

"It would be, however, a question of
fact as to whether in a particular case a
county superintendent would be guilty of of-
ficial misconduct through neglect of duty,
under the statute, and the matter should be
determined in connection with all the facts.
The nature of the position of teaching will
be considered in determining whether a coun-
ty superintendent could hold such a position
and at the same time not be guilty of neglect
of official duty."

The statutes cited therein are in the Revised Civil Stat-
utes of 1911. Similar laws on the same subject are now
codified in Vernon's Civil Statutes as Articles 5970,
5973, and 2690.

## SUMMARY

One person may not hold at the same
time the two civil offices of county school
superintendent and superintendent of an in-
dependent school district. Tex. Const. Art.
XVI, Sec. 40; Arts. 2688, 2700, V.C.S.; Kim-
brough v. Barnett, 93 Tex. 301, 55 S.W. 120
(1902); Att'y Gen. Ops. 0-7323 (1946), V-759
(1949).

One person may not hold at the same
time the office of county superintendent and
the position of principal or teacher in an
independent school district of that county
when the district has a population of less
than five hundred scholastics, since the
teachers in such districts are under the
direct supervision of the county superin-
tendent. This may be done in a district
with a population of five hundred or more
scholastics, since such districts are not
under the control of the county superintend-
ent. Art. 2690, 2691, V.C.S.; Att'y Gen.

Hon. J. W. Edgar, page 8 (V-1244)

Op. 2267 (1921) in Attorney General's Opin-
ions and Reports, Vol. 1920-1922, p. 445;
Att'y Gen. Op. O-4669 (1942).

APPROVED:

J. C. Davis, Jr.
County Affaris Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

CEO:mw-lcr

Yours very truly,

PRICE DANIEL
Attorney General

By
Chester E. Ollison
Assistant